# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2016

Lyle W. Cayce
Clerk

No. 15-41569
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MANUEL LOVATO-BALLEZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1615-3

Before HIGGINBOTHAM, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Lovato-Balleza pleaded guilty to a single count of conspiracy to harbor undocumented aliens, in violation of 8 U.S.C. § 1324. In his only issue on appeal, Lovato-Balleza argues that the district court erred by imposing a 10-level sentencing enhancement based on a finding that two aliens died while being transported in a pickup truck driven by one of his co-defendants. *See* U.S.S.G. § 2L1.1(b)(7)("If any person died or sustained bodily

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injury, increase the offense level according to the seriousness of the injury . . . (D) Death add 10 levels.").

We review a district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008). A "but-for" causation requirement applies to § 2L1.1(b)(7). *See United States v. Ramos-Delgado,* 763 F.3d 398, 401 (5th Cir. 2014).

Lovato-Balleza argues that his participation was limited to housing aliens at a "stash house" and that there was no showing that the aliens who died were from that "stash house." Thus, he argues his own actions were not a "but-for" cause of their deaths. However, if the actions of his co-conspirators were a "but-for" cause of the deaths, and if those actions may be attributed to Lovato-Balleza as relevant conduct, then the enhancement was applied correctly. *See United States v. De Jesus-Ojeda,* 515 F.3d 434, 442-43 (5th Cir. 2008).

We conclude that the actions of Lovato-Balleza's co-conspirators during the transportation of the aliens are attributable to him as relevant conduct. Lovato-Balleza's characterization of his own conduct as limited is belied by evidence showing that he assisted in loading the aliens from the "stash house" onto the truck which already was filled with a number of other undocumented aliens, driven by his co-defendant. At that point, Lovato-Balleza had to be aware of the unsafe conditions of the transportation of all of the aliens and implicitly agreed to coordinate his efforts with the driver thereby aiding and abetting the driver's transportation of aliens. *See* U.S.S.G. § 1B1.3, cmt. n.2(c) (2014) (providing examples of relevant conduct). Because the driver's subsequent actions were in furtherance of the implicit agreement to transport aliens and were reasonably foreseeable, and because the unsafe transportation

No. 15-41569

of the aliens was a but-for cause of their deaths, we conclude that the district court did not err in imposing the § 2L1.1(b)(7) enhancement.

AFFIRMED.